IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| PROFESSIONAL MAINTENANCE SYSTEMS, INC., | * * * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-22-207 |
| BALTIMORE COUNTY, MARYLAND, *et al.*, | * * * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Professional Maintenance Systems, Inc. ("PMSI") filed this lawsuit against Baltimore County, Maryland ("the County") and Preload, LLC ("Preload") (collectively "Defendants"). Currently pending is PMSI's Motion for Leave to File a First Amended Complaint, ECF 32. I have reviewed the motion, along with the oppositions and replies thereto. ECF 34, 35, 36. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated herein, the motion for leave to amend will be granted.

**I.      FACTUAL BACKGROUND**

The lawsuit arises from a dispute over a subcontracting agreement. On June 30, 2022, this Court dismissed PMSI's claims without prejudice and afforded a period of time in which PMSI could move for leave to amend its original Complaint. ECF 26. After seeking some extensions of the deadline, PMSI filed the instant motion.

**II.      LEGAL STANDARD**

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent

or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

### III.    ANALYSIS

Defendants do not argue prejudice or bad faith, but they argue that PMSI's proposed amendment is futile and fails to state a claim for relief. ECF 34, 35. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve an evaluation of the underlying merits of the case." *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, ... conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v.*

*Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (emphasis added) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.), cert. dismissed, 448 U.S. 911 (1980))). Recently, this Court discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

Thus, it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion. *See, e.g.*, *Wilson*, 525 F.3d at 376-79 (upholding a district court's denial of leave to amend False Claims Act claims because the plaintiffs' amendments attempted "to shoehorn what might have been an ordinary FCA claim – and what really is a breach of contract suit – into some sort of fraudulent inducement action. This [the plaintiffs] simply cannot do."); *Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995) (affirming the trial court's denial of leave to amend after the trial court dismissed the complaint under Rule 12(b)(6) based on the United States' sovereign immunity, since the proposed amendments would have also been dismissed under Rule 12(b)(6) on sovereign immunity grounds). As this Court has also suggested, leave to amend may be denied if proposed amendments are mere "[t]hreadbare recitals of the elements of a cause of action" that are clearly insufficient to plead a cause of action under Federal Rule of Civil Procedure 8(a)(2). *Kolb*, 21 F. Supp. 3d at 522 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

That being said, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510 (emphasis added), and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729.

Without pre-judging the merits of Defendants' various arguments for dismissal, the proposed First Amended Complaint is not "clearly insufficient or frivolous on its face." Because the standard applied to assess whether a claim is futile is more forgiving than that employed in evaluating a Rule 12(b)(6) motion to dismiss, this Court is not inclined to apply the Rule 12(b)(6) standard at this stage. Though this procedure is somewhat lacking in efficiency, in this Court's view, the cleanest record will be produced by permitting PMSI's First Amended Complaint to be filed, and then asking Defendants to re-file their arguments in favor of dismissal for this Court's substantive consideration under the Rule 12(b)(6) standard.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to File First Amended Complaint, ECF 32, will be GRANTED, permitting the First Amended Complaint to be docketed. Defendants can then respond in the ordinary course, presumably by filing a Rule 12(b)(6) motion to dismiss incorporating many of the arguments they made in support of their futility contentions. A separate Order follows.

Dated:  September 21, 2022                                         /s/
                                                                                Stephanie A. Gallagher
                                                                                United States District Judge